NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE RAMIREZ-RAMIREZ,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | Nos. 16-72352<br>   17-70108<br><br>Agency No. A205-004-851<br><br>MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:  RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

In these consolidated petitions for review, Jorge Ramirez-Ramirez, a native

and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's decision denying

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his application for cancellation of removal (No. 16-72352) and the BIA's order denying his motion to reopen (No. 17-70108). We dismiss the petitions for review.

We lack jurisdiction to review the agency's discretionary determination that Ramirez-Ramirez failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Although the court would retain jurisdiction over colorable questions of law and constitutional claims, Ramirez-Ramirez's contentions that the agency failed to consider hardship evidence regarding his son and failed to apply a cumulative analysis are not supported by the record, and do not amount to colorable claims that would invoke our jurisdiction. *See id.* ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

We lack jurisdiction to review the BIA's denial of Ramirez-Ramirez's motion to reopen because the new evidence he presented concerns the same hardship grounds previously relied upon to support his application for cancellation of removal. *See Garcia v. Holder*, 621 F.3d 906, 911 (9th Cir. 2010) (this court's jurisdiction to review the BIA's denial of a motion to reopen is limited to cases in which petitioner presents new evidence that "is so distinct from that considered previously as to make the motion to reopen a request for new relief itself, rather than for reconsideration of a prior denial" (citation and internal quotation marks

omitted)); *see also Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (finding that evidence is cumulative when it pertains "to the inevitable passage of time between [petitioner's] removal hearing and the BIA's adjudication of her appeal").

**PETITIONS FOR REVIEW DISMISSED.**